

May 18, 2025

Magistrate Judge Leda D. Wettre
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: Mirashi v. John Doe, 2:25-cv-01805 (EP) (LDW)**

Dear Judge Wettre,

    Pursuant to Section I.D. of Judge Padin's General Pretrial and Trial Procedures, plaintiff Mandar Mirashi writes to request additional expedited discovery. Mr. Mirashi's request is based on material obtained from Reddit, Inc. as a result of Judge Padin's March 12, 2025 grant of expedited discovery (Dkt. 6).

    Plaintiff suffered the theft of over $40 million in cryptocurrency. He filed his complaint on March 12, 2025 along with a motion for a temporary restraining order and a motion for leave to conduct expedited discovery to determine the identity of the thieves and the location of his stolen cryptocurrency. Both motions were granted by Judge Padin the same day. (Dkts. 5-6.)

    Among the expedited discovery authorized by Judge Padin were the network logs and email address of the unidentified person who used a Reddit account to send misleading messages to Mr. Mirashi. Dkt. 6 p. 2. Reddit produced logs

showing three IP addresses as the source of the communications, and a gmail address associated with the account holder. See attached Declaration of Adam Gonnelli in Support of Plaintiff's Request for Additional Expedited Discovery ¶¶ 4-6, submitted with this letter.

The three IP addresses are associated with the providers Tzulo, Inc, of Chicago, and DataCamp Ltd. and UK2.net of the United Kingdom. Gonnelli Decl. ¶ 5. Gmail addresses are provided by Google.

Plaintiff now requests leave to conduct the following discovery on the three providers and Google:

> Records associated with John Doe's access to the service including user identification, account and registration records, login and logout records, IP addresses, digital footprint material, device IDs, and network records.

This request is similar to the one permitted by Judge Padin. See Dkt. 6 p. 2.

Courts in the Third Circuit generally use the "good cause" test to evaluate requests to issue early discovery, including discovery seeking the identity of John Doe defendants. See Strike 3 Holdings, LLC v. Doe, No. 1:18-cv-2674, 2020 U.S. Dist. LEXIS 114598, at *10 (D.N.J. June 30, 2020) (permitting expedited issuance of subpoena to ISP to ascertain identities of John Doe defendants and citing cases). Judge Padin cited Strike 3 Holdings in finding that Plaintiff had satisfied the good cause test for expedited discovery. Dkt. 4 at p. 10.

In Strike 3 Holdings, the court set forth a "non-exclusive list of factors courts typically examine in conducting the good cause analysis … (1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether the discovery burdens the defendant; and (5) whether the defendant can respond to the request in an expedited manner. Id. at *10-11. Plaintiff's request for additional expedited discovery satisfies these factors.

First, the timing of plaintiff's request is the only possible timing because formal discovery following a 26(f) conference is not possible without identifying the defendant.

Second, plaintiff's request is narrowly tailored. Plaintiff is following the trail from the discovery obtained from Reddit, which shows access through three IP addresses and one email address. The requested discovery is limited to these items.

Third, the purpose of this discovery is to identify the party who stole Mr. Mirashi's BTC. As the court in *Strike 3 Holdings* stated, "Binding Circuit-level precedent advises courts to grant limited discovery in circumstances where a plaintiff may not otherwise have access to means for identifying John Doe defendants." *Id.* at 22-23 (citing *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004)).

Fourth and fifth, this request for discovery does not pose a significant burden on Google or the IP address providers. Plaintiff will specify the exact records he is seeking by providing the three IP addresses and the dates they were used by the unknown defendants, as well as the gmail address. The providers will be able to conduct narrow searches to obtain the requested records. *See, e.g. Strivelli v. Doe*, No. 22-2060, 2022 U.S. Dist. LEXIS 66770 at *6 (D.N.J. Apr. 11, 2022) (expedited discovery permitted on Microsoft and cryptocurrency exchanges); *Morbitzer v. Doe*, No. 21-cv-2038, 2021 U.S. Dist. LEXIS 179781, at *13 (D. Minn. Sep. 21, 2021) (Verizon); *Singulardtv v. Doe*, No. 1:21-cv-060000, 2021 U.S. Dist. LEXIS 164866 (S.D.N.Y. Aug. 16, 2021) (Google).

Next, if Plaintiff is granted leave to issue the additional subpoenas, Plaintiff requests that the Court order the companies from whom discovery is sought to refrain from notifying their customers about the subpoenas, as Judge Padin did. Dkt. 6 at 2.

The reason for this request is that notification of fraudsters would result in a nearly instantaneous dissipation of the stolen assets and along with it any chance of recovery. For example, in *Astrove v. Doe*, No. 22-CV-80614, 2022 U.S. Dist.

LEXIS 129286, at *6 (S.D. Fla. Apr. 22, 2022) the court granted a TRO freezing stolen assets without notice where the plaintiff was induced by an unknown fraudster to invest assets with a false cryptocurrency exchange. Similarly, in *Jacobo v. Doe*, No. 1:22-cv-00672, 2022 U.S. Dist. LEXIS 103730, at *10 (E.D. Cal. June 9, 2022) the court granted a TRO and stated, "[T]he cryptocurrency at issue here 'poses a heightened risk of asset dissipation' and, "If defendant were provided notice of this action, 'it would be a simple matter for [him] to transfer [the Tether] to unidentified recipients outside the traditional banking system, including contacts in foreign countries, and effectively put it beyond the reach of this [c]ourt.'" (citations omitted). If John Doe receives notice of the subpoenas, any chance of recovery would be lost.

For these reasons, Plaintiff respectfully request that the Court grant leave to conduct this additional expedited discovery. A proposed form of order is attached.

Respectfully submitted,

Adam Gonnelli